UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE GORDON,

        Petitioner,

v.

        Case Number 11-12941
        Honorable David M. Lawson

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Johnnie Gordon, a prisoner in the custody of the Michigan Department of Corrections, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his home invasion and criminal sexual conduct convictions. A jury found him guilty of entering a coworker's apartment and sexually assaulting her. Gordon's defense was consent, which the jury obviously rejected. Gordon contends that his attorney was constitutionally ineffective when he failed to object to a host of trial errors, and the state erred when it did not grant Gordon a hearing on his ineffective assistance of counsel claims. The Michigan Court of Appeals addressed each of the claims on direct appeal and rejected them. That court's application of federal constitutional law was not unreasonable. Therefore, the Court will deny the petition for writ of habeas corpus.

I.

The prosecution took place in the Saginaw, Michigan circuit court. The state court of appeals summarized the facts of the case taken from the trial record as follows:

> The victim claimed that defendant sexually assaulted her during the early morning hours of May 12, 2007. Defendant maintained that they had consensual sex.
>
> The victim and defendant knew each other because they worked together and defendant did maintenance at the victim's apartment. The victim testified that, prior

to the alleged sexual assault, defendant had exposed his penis when he came over to fix her heater. A number of the victim's coworkers testified that the victim told them about this encounter. The victim said that on another occasion when defendant was fixing her heater, he had digitally penetrated her against her will. She told no one of this incident. She did not report either incident to the police. She testified that after these incidents she was uncomfortable around defendant.

On May 11, 2007, the victim went with a friend to Meinberg's Bar, a bar that they regularly frequented. Defendant showed up at the bar, but the victim testified that there had been no plan to meet defendant. The victim said that defendant danced with her friend but they told him to go away. They did not seek help from the bartender or security. They left earlier than usual because defendant was making them uncomfortable. In the parking lot, they stopped when defendant flagged them down. He jumped in the car and learned that they were going to a restaurant to eat. He appeared at the restaurant, sat with them, and was obnoxious. They said that they again asked him to leave but again did not seek assistance. He left the restaurant before the victim and her friend.

The victim was then dropped off at her apartment. As she was entering at 2:59 a.m., defendant called her. According to the victim, defendant said he was coming over and when she told him not to, he said he was in the hallway. She said she cracked her door to see if he was there because, if so, she was going to call the police. Her cat then ran out and she chased it up some steps. She testified that when she came back defendant was in her apartment. He put his arms around her waist and shoulders and started grabbing her. She claimed that he pulled her shirt up and put his mouth on her breast. She said that she told him to get away as she backed up against her couch, that he grabbed her pants as she fell backwards, that he pulled her pants down, and that he penetrated her vagina with his penis. He then grabbed a plastic bag, wiped himself off, said "don't think you can call me now because this happened," and then "just took off." The victim's dog was secured behind a baby gate while the assault happened. There was testimony from numerous witnesses indicating that the victim's demeanor changed after this incident in that she became more withdrawn.

*People v. Gordon*, No. 291745, 2010 WL 4259378, at *1 (Mich. Ct. App. Oct. 28, 2010) (unpublished).

The jury found the petitioner guilty of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c. He was sentenced to prison terms

of 7 to 20 years for home invasion, 10 to 15 years for the first-degree criminal sexual conduct, and 5 years, 11 months to 15 years imprisonment for second-degree criminal sexual conduct. His home invasion sentence will be served consecutively to the other sentences.

The petitioner filed a direct appeal in the Michigan Court of Appeals raising the same claims presented on habeas review, as well as a sentencing claim. The court denied relief on those claims and affirmed his convictions and sentences. *People v. Gordon*, 2010 WL 4259378. The Michigan Supreme Court denied leave to appeal. *People v. Gordon*, 489 Mich. 897, 796 N.W.2d 78 (2011).

The petitioner, through counsel, thereafter filed his timely federal habeas petition. He raises claims concerning the trial court's denial of his evidentiary hearing request and the effectiveness of trial counsel. The respondent opposes the petition contending that the claims lack merit and do not warrant habeas relief.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Because Gordon's petition was filed after the AEDPA's effective date, its standard of review applies. Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, --- U.S. ---, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 786-87 (2011).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Dewald v. Wriggelsworth*, 748 F.3d 295, 298-99 (6th Cir. 2014); *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc). Moreover, habeas review is "limited to the

record that was before the state court." *Cullen v. Pinholster*, --- U.S.---, 131 S. Ct. 1388, 1398 (2011).

A.

In his first claim, the petitioner alleges that his constitutional rights were violated when the Michigan courts denied his motion to conduct an evidentiary hearing on his ineffective assistance of counsel claims in the manner described by the state supreme court in *People v. Ginther*, 390 Mich. 436, 443, 212 N.W. 2d 922 (1973), and Mich. Ct. R. 7.211(C)(1). The petitioner first raised those ineffective assistance of counsel claims in his post-conviction motion and asked for an evidentiary hearing. The trial court denied his motion without holding an evidentiary hearing. The court of appeals addressed the claims on the existing record and did not remand the case to take evidence.

Federal courts do not provide relief under 28 U.S.C. § 2254 for alleged errors of that type. "The Sixth Circuit consistently [has] held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). The Supreme Court has held that states have no constitutional obligation to provide post-conviction remedies. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Based on that holding, the Sixth Circuit has reasoned that "habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief." *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001); *see also Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986) ( holding that habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings).

The petitioner contends that the state courts should have held an evidentiary hearing on his ineffective assistance of counsel claims. Even if that were true, such an error in the manner the state

court chose to address a post-conviction challenge is not grist for the federal habeas mill. *See Cornwell v. Bradshaw*, 559 F.3d 398, 411 (6th Cir. 2009). Moreover, there is no clearly established Supreme Court ruling that recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel on direct appeal. *Hayes v. Prelesnik*, 193 F. App'x 577, 584-85 (6th Cir. 2006). The petitioner is not entitled to habeas relief on his first claim.

B.

The petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective in the way he dealt with the "other acts" evidence of prior sexual assaults on the victim, by failing to object to alleged hearsay testimony, by eliciting certain testimony from one of the victim's coworkers, by not calling the petitioner to testify, by conceding that the victim could be believed as to her claim that the petitioner previously exposed himself, and by failing to object to prosecutorial comments and questions.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs the Court's analysis of ineffective-assistance-of-counsel claims. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To establish a claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. *Premo v. Moore*, --- U.S. ---, ---, 131 S. Ct. 733, 739 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

Because of the high deference accorded state court determinations by AEDPA, establishing that counsel was ineffective and, therefore, the petitioner was denied his right to counsel under the Sixth Amendment is difficult. The Supreme Court recently explained:

> "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) . . . . The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at 123. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. *Ibid*. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Richter*, 131 S. Ct. at 788.

On habeas review, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" *Knowles*, 556 U.S. at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Moreover, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Ibid*. (citing *Alvarado*, 541 U.S. at 664).

1.

The petitioner argues that his lawyer mishandled the evidence that he had committed earlier sexual assaults on the victim in three ways: (a) he did not object to the admission of the evidence; (b) he did not protest the failure of the prosecution to give advance notice of its intent to offer the evidence, as state evidence law requires; and (c) once the evidence was received, defense counsel did not ask for a limiting instruction. He also contends that evidence that he spanked a child should have been challenged in the same way. On direct appeal, the court of appeals held that the evidence of prior sexual assaults was relevant and admissible to show lack of consent under Michigan Rule of Evidence 404(b), and that its probative value outweighed any unfair prejudice caused by its admission. The court also determined that the spanking evidence was not a prior bad act subject to

exclusion. The court of appeals also determined that an objection to that evidence based upon the lack of proper notice would not have resulted in exclusion of the evidence because no prejudice resulted from the lack of notice. The court explained that the petitioner did not contend that he would have addressed that evidence differently had he been given earlier notice of the prosecution's intent to offer it. The court also concluded that the decision not to request a limiting instruction was sound trial strategy, reasoning that defense counsel may not have wanted to emphasize the effect of the evidence to the jury. The court concluded, therefore, that counsel was not ineffective by failing to object to the evidence. *Gordon*, 2010 WL 4259378, at *2-4.

Those conclusions were not "unreasonable," and therefore the petitioner has not surmounted the "substantially higher threshold," *Knowles*, 556 U.S. at 123, necessary to obtain habeas relief. The state court found that the evidence was relevant and admissible for a proper purpose. The petitioner cannot show, then that trial counsel's performance was deficient merely because he did not challenge that evidence or ask the trial court to restrict its purpose with a limiting instruction. Defense counsel's performance cannot be deemed deficient for failing to make a futile objection or motion. *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Moreover, the record shows that counsel used the "other acts" evidence to discredit the victim. Counsel advocated the inference that the victim consented because she associated with the petitioner at the bar and restaurant, and did not secure her apartment when he said he was on his way over, despite those alleged prior incidents. The spanking testimony was not evidence that made a difference in the outcome of the trial. Moreover, counsel may have decided reasonably not to object to that testimony which came from the petitioner's girlfriend at the time of the incident,

because it was not relevant to the charges and could potentially be used to explain why the petitioner went out drinking that night, and to argue that the witness was biased against the petitioner. Lastly, the state court's reasonably concluded that trial counsel's decision not to request a limiting instruction was a reasonable strategic choice, which avoided drawing further attention to the other acts evidence. The petitioner has not shown that the state court's holding that no deficient performance or prejudice resulted from counsel's handling of the "other acts" evidence was an unreasonable application of *Strickland*.

2.

The petitioner next argues that counsel was ineffective by not objecting to the victim's statements to co-workers about the petitioner's prior conduct. The petitioner reasons that a hearsay objection would have been successful. The Michigan Court of Appeals disagreed, finding that the statements were properly admitted for the non-hearsay purpose of showing the victim's dislike of the petitioner and lack of consent, not to prove the truth of the matter asserted. *Gordon*, 2010 WL 4259378, at *4.

The state court's determination that the evidence was admissible under state evidence law is conclusive for the purpose of this habeas petition. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (holding that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting" on habeas review). State courts "are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). That decision is not contrary to or an unreasonable application of Supreme Court preceden. It follows, then, that its conclusion that counsel's performance was not deficient reasonably applied *Strickland*.

As mentioned above, defense counsel cannot be deemed deficient for failing to make a futile objection or motion. *Coley*, 706 F.3d at 752; *Steverson*, 230 F.3d at 225.

3.

The petitioner also asserts that counsel was ineffective by eliciting testimony from Laura Kanary, one of the victim's co-workers, that the female co-workers wanted to confront the petitioner about his behavior that night at the bar. The Michigan Court of Appeals ruled that counsel's cross-examination was sound trial strategy intended to show that the victim knew that the petitioner would be at the bar on the night of the incident and that counsel's conduct did not fall below an objective standard of reasonableness. *Gordon*, 2010 WL 4259378, at *4.

The state court did not unreasonably apply *Strickland* here. Trial counsel was able to elicit testimony that showed that the victim knew the petitioner would be at the bar on the night of the incident, thereby bolstering the consent defense. Counsel's trial strategy was reasonable. The fact that his strategy was ultimately unsuccessful does not mean that counsel's performance was deficient. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (holding that an ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). The petitioner has not shown that counsel was ineffective in his cross-examination of the co-workers.

4.

The petitioner next asserts that counsel was ineffective because he did not call the petitioner to testify in his own defense at trial. The Michigan Court of Appeals denied relief on this claim, finding that the decision was a matter of trial strategy. The court reasoned that counsel was able to present a credible consent defense without the petitioner's testimony by presenting evidence that the

victim knew that the petitioner would be at the bar, that she was with him at the bar and restaurant, that she left her apartment door open at 3:00 a.m. after the petitioner told her that he was coming over, and that she kept her dog in a bedroom. *Gordon*, 2010 WL 4259378 at *4.

The state court reasonably applied *Strickland* on this issue as well. There is no question that a criminal defendant has a constitutional right to testify, *Rock v. Arkansas*, 483 U.S. 44, 53 (1987), and that the decision to speak or remain silent belongs to the defendant alone, *United States v. Webber*, 208 F.3d 545, 550-51 (6th Cir. 2000) (explaining that "[t]he right to testify is personal to the defendant, may be relinquished only by the defendant, and the defendant's relinquishment of the right must be knowing and intentional"). Counsel's role is to advise the defendant about whether to take the stand, leaving the final decision to the defendant. *Id*. at 551. If the defendant wants to testify, "he can reject his attorney's tactical decision by insisting on testifying, speaking to the court, or discharging his lawyer." *Ibid*. If the defendant fails to do so, waiver of the right to testify is presumed. *Ibid*.

In this case, the petitioner does not identify anything in the trial record that suggests that he had a disagreement with his lawyer about the decision not to testify. Nor is there any support for the idea that he actually wanted to testify, but trial counsel denied him the opportunity. Therefore, the petitioner has not overcome the presumption that he willingly agreed with counsel's advice not to testify. *See Gonzales v. Elo*, 233 F.3d 348, 357 (6th Cir. 2000). The petitioner has also not rebutted the presumption that counsel's advice that he not testify on his own behalf was sound trial strategy. Had the petitioner testified, he would have been subject to cross-examination by the prosecutor who could have elicited damaging information from him about his prior acts and pointed to inconsistencies in his consent defense. Trial counsel was able to present a consent defense even

-11-

without the petitioner's testimony. The petitioner was not deprived of a substantial defense at trial. The petitioner has failed to establish that counsel was ineffective under *Strickland*.

5.

The petitioner asserts that trial counsel was ineffective when he conceded that the victim could be believed when she said that the petitioner had exposed himself to her previously. The court of appeals found that the concession was reasonable trial strategy in light of the number of witnesses who testified that the victim had reported the incident. *Gordon*, 2010 WL 4259378, at *5. That part of the state court's decision reasonably applied *Strickland* as well. The record contains abundant evidence that the victim reported the incident to her family and to her work supervisor. Consequently, it was reasonable for counsel to concede this incident in order to gain credibility with the jury. Counsel also used this incident to challenge the victim's credibility on the issue of consent. The petitioner has not shown that counsel erred or that he was prejudiced by counsel's conduct.

6.

Lastly, the petitioner asserts that counsel was ineffective by failing to object to prosecutorial comments and questions. The court of appeals rejected that argument because it believed that the prosecutor's conduct was proper and that an objection would have been futile. *Gordon*, 2010 WL 4259378, at *5. Once again, the state court reasonably applied *Strickland* in reaching that conclusion. The petitioner has not shown that any of the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *Parker v. Matthews*, --- U.S. ---, 132 S. Ct. 2148, 2153 (2012) (confirming that *Donnelly* and *Darden* articulate the proper standard). Because the state court found

that the prosecutor acted appropriately and that an objection by counsel would have been futile, the petitioner cannot establish that counsel performed deficiently or that he was prejudiced by counsel's conduct. As noted, defense counsel cannot be deemed ineffective for failing to make a futile objection. *Coley*, 706 F.3d at 752; *Steverson*, 230 F.3d at 225.

\* \* \* \* \* \* \* \* \*

The petitioner has not shown the state court's conclusions about trial counsel's performance "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 787. Habeas relief is not warranted.

### III.

For the reasons stated, the Court concludes that the state court did not contravene or unreasonably apply federal law as determined by the Supreme Court. Therefore, the petitioner has not established that he is presently in custody in violation of the Constitution of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

    s/David M. Lawson  
    DAVID M. LAWSON  
    United States District Judge

Dated: July 15, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 15, 2014.

    s/Shawntel Jackson  
    SHAWNTEL JACKSON